UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mary Ann Snow

    v.                                          Civil No. 14-cv-161-JD
                                                  Opinion No. 2015 DNH 006
Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration


O R D E R

Mary Ann Snow seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for supplemental security income and disability insurance benefits.  Snow moves to reverse and remand the decision on the grounds that the Administrative Law Judge ("ALJ") erred by ignoring the lay evidence of her disabilities, by relying on the opinion of a state agency physician, by improperly assessing her credibility, and in finding that she had the residual functional capacity to do substantial gainful activity on a sustained basis.[1]  The Acting Commissioner moves to affirm.


Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining

---

[1] Snow seeks only reversal of the decision of the Acting Commissioner.  Except in unusual circumstances which do not exist here, this court cannot reverse and award benefits.  See Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001).  Therefore, Snow's motion is construed to seek reversal and remand.

whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey, 276 F.3d at 9. The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. § 405(g). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010). Substantial evidence, however, "does not approach the preponderance-of-the-evidence standard normally found in civil cases." Truczinskas v. Dir., Office of Workers' Compensation Programs, 699 F. 3d 672, 677 (1st Cir. 2012).

## Background[2]

Mary Ann Snow was fifty-one years old when she applied for social security benefits, alleging disability since April 6, 2011. Snow has a tenth-grade education and previously worked as a construction laborer, home health care worker or nursing assistant, a waitress, and a cashier/checker.

She was diagnosed with early stage breast cancer in March of 2011 and underwent surgery. The biopsy showed no sign of metastatic disease. She then had a course of radiation treatment

---

[2]The parties' joint statement of material facts provides the full recitation of the background in this case.

from June to August of 2011.  Snow's follow-up examinations showed good results.

Snow's other medical records show that she was seen during the relevant period for complaints of neck and back pain with mostly normal findings on examination.  She was treated with medication and was given recommendations for weight loss and exercise.  She was also treated for breathing problems, with a diagnosis of mild asthma, and she was strongly encouraged to stop smoking.

During the period, Snow also complained of anxiety, difficulty sleeping, and depressed mood.  She was treated with various medications.  Dr. Lorene Sipes did a consultative psychological examination on November 30, 2012.  Dr. Sipes diagnosed major depressive disorder but concluded that Snow could adequately perform activities of daily living, could manage the social demands of most work situations, could understand and remember simple instructions, could concentrate and complete common work tasks, and could effectively manage common work stresses.  Dr. Sipes also noted that Snow would benefit from medication management and individual therapy.

Dr. Jonathan Jaffe, a state agency physician, reviewed Snow's medical evidence on November 13, 2012.  Based on his review, Dr. Jaffe found that Snow could lift and carry twenty pounds occasionally and ten pounds frequently and could stand, walk, and/or sit for six hours in an eight hour work day.  Dr.

Jaffe found that Snow did not have any other limitations on her ability to work.

On December 6, 2012, Dr. Michael Schneider, a state agency psychologist, reviewed Snow's records to complete a Psychiatric Review Technique form. Dr. Schneider found that Snow had mild restrictions in her activities of daily living; no difficulties in social functioning; mild difficulties in maintaining concentration, persistence, and pace; and no repeated episodes of decompensation for extended durations.

In support of her application for benefits, Snow also submitted her own function report, describing her activities and problems, and providing her evaluation of her functional limitations. Snow also submitted a questionnaire prepared by her former employer, Darlene Raboin, who described Snow's work during the time when she was diagnosed and treated for breast cancer. Raboin reported that Snow stopped working in October of 2011 because of health problems.

Snow's adult daughter, Amy Tynan, provided a narrative describing her mother's condition. Tynan said that breast cancer changed Snow so that she became more limited in the things she could do because of uncontrollable pain. Tynan also reported that glaucoma caused Snow to be partially blind in her left eye.

A hearing was held on August 29, 2013. Snow testified that she had problems with pain in her back and legs and could not sleep despite medication. She said that her family helped her with all of her activities and that she has to force herself to

get out of bed and try to walk.  She also said she was diagnosed with glaucoma just a few weeks before the hearing.

A vocational expert testified about the Dictionary of Occupational Titles numbers for Snow's prior work.  The ALJ did not ask the vocational expert any other questions because he said he wanted to see the results of a more recent MRI to determine whether there was any progression in her orthopedic issues.

The ALJ issued the decision on October 18, 2013.  He found that Snow had impairments due to degenerative disc disease and asthma.  Despite those impairments, the ALJ found that Snow retained the functional capacity to do a full range of light work without prolonged exposure to excessive heat, humidity, and respiratory irritants.  The ALJ also limited Snow to work outside of a fast-paced work environment, to brief and superficial interactions with the public, and to occasional and routine interactions with co-workers.  Based on Medical-Vocational Rule 202.10, the ALJ found that Snow was not disabled.

## Discussion

Snow contends that the ALJ erred in failing to consider the lay evidence of her disability, in relying on the state agency physician's opinion, in failing to properly assess her credibility, and in the residual functional capacity finding.  The Acting Commissioner contends that substantial evidence supports all of the ALJ's findings.

One issue requires that the case be remanded for further proceedings. The only opinion evidence in the record pertaining to Snow's physical residual functional capacity is Dr. Jaffe's evaluation of Snow's medical records. The ALJ relied on that opinion for the residual functional capacity finding.

An ALJ may rely on a state agency physician's opinion as to the claimant's ability to perform work as long as that opinion meets the standards for evaluating medical opinion evidence but only to the extent the opinion is supported by evidence in the record. 20 C.F.R. § 404.1527(e); 20 C.F.R. § 416.927(e); Ormon v. Astrue, 497 F. App'x 81, 84 (1st Cir. 2012); Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians, SSR 96-6p, 1996 WL 374180 (July 2, 1996). A state agency physician's opinion may be substantial evidence to support the ALJ's findings "if the physician had access to most of the medical evidence for [] review and if the reports of multiple physicians 'tend somewhat to reinforce each other's conclusions.'" Howard v. Colvin, --- F. Supp. 3d ---, 2014 WL 5361533, at *8 (D. Mass. Oct. 22, 2014) (quoting Berrios Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991)). Further, a state agency physician's opinion that did not consider the most recent medical evidence can still constitute substantial evidence as long as the more recent evidence does not show "a sustained (and material) worsening in Plaintiff's condition." Phan v. Colvin, 2014 WL 5847557, at *15 (D.R.I. Nov.

12, 2014) (citing Ferland v. Astrue, 2011 WL 5199989, at *4 (D.N.H. Oct. 31, 2011)).

In this case, Dr. Jaffe's opinion was issued on November 13, 2012, ten months before the hearing. Snow cites the medical records that post date Dr. Jaffe's opinion but makes no argument that those records demonstrate impairments of greater severity than were found by Dr. Jaffe. The ALJ addressed the more recent medical evidence, noting essentially normal results.

Despite that evidence, however, at the hearing, the ALJ emphasized the importance of the August MRI results to determine the severity of Snow's orthopedic condition. The ALJ noted that prior results did not show enough. The evidence of the August MRI consists of an MRI report prepared by Dr. Tyler Zapton. The report is raw medical data without any indication of Snow's functional capacity in light of those results. In the decision, the ALJ repeated the statements in the MRI report but appropriately did not attempt to correlate those statements to functional capacity.[3] Nguyen, 172 F.3d at 35 (holding that ALJ is not qualified to interpret raw medical data in functional terms). No medical opinion addresses the MRI report.

Although most of the more recent medical evidence does not conflict with Dr. Jaffe's opinion, the ALJ put particular

---

[3]The ALJ repeated the statement from the report that at L4-L5 there was "moderate bilateral neural foraminal narrowing that is unchanged." Admin. Rec. at 25. In the absence of a medical opinion, however, neither the ALJ nor the court can determine what that statement means relative to Snow's functional capacity.

emphasis on the August MRI results.  Without a medical opinion to address the MRI results, Dr. Jaffe's opinion is not necessarily supported by the record evidence.  For that reason, Dr. Jaffe's opinion does not constitute substantial evidence to support the ALJ's residual functional capacity assessment.

In addition, the ALJ did not ask the vocational expert for opinions about what work Snow could do because the ALJ wanted to have the August MRI results to assess her residual functional capacity.  The ALJ then relied on the Medical-Vocational Guidelines ("the Grid"), Rule 202.10, to find that Snow was not disabled.  In doing so, the ALJ stated that Snow had a full capacity for light work, ignoring the nonexertional limitations the ALJ had assigned of environmental restrictions, pace limitations, and limitations on interaction with the public and co-workers.

At Step Five of the sequential analysis, see 20 C.F.R. §§ 404.1520 and 416.920, the Acting Commissioner bears the burden of proving that the claimant is employable.  Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991).  That burden may be met by reliance on the Grid as long as the claimant's non-exertional impairments do not significantly erode the occupation base at the identified exertional level.  Nguyen, 172 F.3d at 36.  When the record shows non-exertional impairments and particularly when an ALJ identifies non-exertional impairments, the ALJ generally will need the assistance of a vocational expert to determine whether those impairments significantly erode the

occupational base.  See Candelaria v. Barnhart, 195 F. App'x 2, 4 (1st Cir. 2006); Heggarty, 947 F.2d at 996; Green v. Colvin, 2014 WL 6071444, at *3-*4 (D.N.H. Nov. 13, 2014).

Here, the ALJ ignored the non-exertional limitations that he imposed in the residual functional capacity assessment.  Without a properly supported finding that those limitations do not significantly erode the occupational base for light work, the ALJ could not rely on the Grid.  Therefore, the Acting Commissioner did not carry the burden of showing that Snow is employable and not disabled.


## Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand (document no. 9) is granted.  The Acting Commissioner's motion to affirm (document no. 13) is denied.

The case is remanded for further administrative proceedings pursuant to sentence four of § 405(g).

SO ORDERED.

                                               _/s/ Joseph A. DiClerico, Jr._
                                               Joseph A. DiClerico, Jr.
                                               United States District Judge

January 15, 2015

cc: Judith E. Gola, Esq.
     T. David Plourde, Esq.